**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Misael GONZALEZ–GONZALEZ,
Defendant–Appellant.**

No. 09–50556.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 2010.

Filed Jan. 19, 2011.

Anne Kristina Perry, Assistant U.S., Mark R. Rehe, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vincent James Brunkow, Esquire, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, CLIFTON, and M. SMITH, Circuit Judges.

MEMORANDUM *

Misael Gonzalez–Gonzalez appeals his eighty-four-month sentence following his conviction for illegal reentry by a removed alien in violation of 8 U.S.C. § 1326. Because the parties are familiar with the factual and procedural history of this case, we do not recount additional facts except as necessary to explain the decision. We affirm.

We recognize two different generic definitions of "sexual abuse of a minor."

* This disposition is not appropriate for publication and is not precedent except as provided

*United States v. Castro,* 607 F.3d 566, 568 (9th Cir.2010). The first generic definition, set forth in *United States v. Medina–Villa,* contains three elements: (1) sexual conduct; (2) with a minor; (3) that constitutes abuse. 567 F.3d 507, 513 (9th Cir. 2009), *cert. denied,* —— U.S. ——, 130 S.Ct. 1545, 176 L.Ed.2d 138 (2010). Because Oregon Revised Statutes § 163.427 is divisible, and two subparts do not require that the victim be a minor, the statute does not categorically qualify under the first generic definition. *See Huerta–Guevara v. Ashcroft,* 321 F.3d 883, 887 (9th Cir.2003).

Because Oregon Revised Statutes § 163.427 is a divisible statute, we must apply the modified categorical approach to determine whether Gonzalez–Gonzalez was necessarily convicted of the elements of the generic crime. *See Carty v. Ashcroft,* 395 F.3d 1081, 1084 (9th Cir.2005). Gonzalez–Gonzalez signed a plea agreement admitting to the facts "as alleged in the District Attorney's Information," **ER 36, 39,** which stated that he touched the "vaginal area" of a child "under the age of 14 years," **ER 35.** *See Shepard v. United States,* 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (limiting the court's examination of records for purposes of the modified categorical approach to, among other items, "the terms of the charging document [and] the terms of the plea agreement"). He therefore admitted to the first two elements of the *Medina–Villa* definition, (1) sexual conduct, (2) with a minor, under the "ordinary, contemporary, and common meaning" of those elements. *United States v. Baron–Medina,* 187 F.3d 1144, 1146 (9th Cir.1999). He admitted to the third element, abuse, because sexual conduct with children under fourteen is

by 9th Cir. R. 36–3.

per se abusive. *See, e.g., United States v. Valencia–Barragan,* 608 F.3d 1103, 1107 (9th Cir.), *cert. denied,* —— U.S. ——, 131 S.Ct. 539, 178 L.Ed.2d 396 (2010). Gonzalez–Gonzalez's prior conviction therefore constitutes "sexual abuse of a minor" under the modified categorical approach, and the district court did not err in denying the motion to dismiss the indictment.

Nor did the district court err in applying the twenty-year statutory maximum under 8 U.S.C. § 1326(b). In *Almendarez–Torres v. United States,* the Supreme Court held that the fact of a prior conviction need not be determined by a jury before a sentencing court may use the conviction as the basis for an enhancement under 8 U.S.C. § 1326(b). 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *Almendarez–Torres* remains controlling law. *See, e.g., United States v. Garcia–Cardenas,* 555 F.3d 1049, 1051 (9th Cir.), *cert. denied,* —— U.S. ——, 130 S.Ct. 315, 175 L.Ed.2d 209 (2009). Despite Gonzalez–Gonzalez's assertion to the contrary, *Nijhawan v. Holder,* —— U.S. ——, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009), did not implicitly overrule it.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.